Summers, J.
It is provided, by section 151 of the municipal code of 1902, that the police and fire departments in every city shall be maintained upon the merit system, as provided in this act; and by section 149 it is provided that the police department of each *8 city shall be composed of a chief of police and such inspectors, captains, lieutenants, sergeants, corporals, detectives, patrolmen, and other police court officers, station house keepers, drivers, and substitutes as shall have been provided by ordinance or .resolution of council, and that the chief of police shall be appointed from the classified list of such department. Section 153 provides that the directors of public safety shall classify the service in the police and fire departments in conformity with the ordinance of council determining the number of persons to be employed therein, and shall make all rules for the regulation and discipline of such departments and for the qualification and examination of all appointees thereunder; and section 156 provides that, the board of public safety shall enforce and administer the merit system as provided in this act. Section 158 provides that the board of public safety shall within thirty days after the organization of such board, classify all offices and places of appointment and employment in each city in the department of public safety, with reference to the examinations hereinafter provided for. The offices, employment and places so classified by the said board of public safety shall constitute. the classified service of the department of said city, and no ■ appointments to such places shall be made except under and according to the rules hereinafter mentioned. Immediately upon the classification of such department, such board shall furnish'to the mayor a list of all offices, employment and places in any way connected with such department within said classified service, with the names of the incumbents, their compensation and the nature of their duties; and said board shall from time to time promptly furnish to the said mayor in *9 writing at Ms request all other information desired' hy him for the proper fulfillment of his duties. Section 162 provides for the examination of all applicants for offices or places of employment in such classified service; and section 164 is as- follows: “From the results of the examinations made-by said board, said board shall prepare, a register, for each grade or class of positions in the classified service of such city, of the names of the persons whose general average standing upon such examination for such grade is not less than the minimum fixed by the-rules of said board and where otherwise eligible; and such persons shall take rank upon the register as candidates, in the order of their relative, examinations, as determined by examination, without reference to priority of the time of examination.” Section 165 provides that the board shall, by its rules,, provide for promotions in the classified service, on the basis of ascertained merit, and seniority in service, and on examination, and shall provide in all cases where it is practicable, that vacancies shall be-filled by promotion. Section 166 provides that the mayor shall notify said board of any vacancy which may exist in the classified department of such city,, and said board shall certify to said mayor the names and addresses of the three candidates standing highest upon the register, for the class or grade to which said position belongs. The mayor shall notify said commission of each position to be filled, separately, and the mayor shall fill such place by appointment, of one of the persons certified to him by said board;, and section 167 provides that no officer, secretary,, clerk, sergeant, patrolman, fireman or other employe serving in the police or fire departments of any city of the state at the' time this act goes into -effect shall *10 be removed or reduced iu rank or pay except, in accordance with the provisions of this act. .
It seems to have been the purpose of the legislature in the enactment of the code, so far as possible, to provide that officers and employes in the police and fire departments, in office when the new code went into effect, should not be disturbed in their office or employment, and that thereafter these departments should be under the so-called merit system, and that appointments thereto could be made only in the manner provided by the code. But it was not the intention of the legislature that appointments to any vacancies that might exist in any of the offices or employments in the classified service could be made only from the list of incumbents of offices and employments in the classified service. It is not difficult to understand why the legislature, in adopting the merit system, should provide that those already in office might remain without examination, but it does not appear why it also should be provided that a vacancy in the highest office could be filled only from their number. These provisions of the new code are taken, in substance, from the so-called Pugh-Kibler code, a code that was prepared by a •commission appointed by the governor under authority from the general assembly, but which code was not adopted, and it is apparent from the provisions of that code that the merit system commissioners therein provided for were required to prepare from the returns or reports of the examiners, or from the examinations, made by the commission, a register for each grade or class of positions in the classified service of each city, and in case of a vacancy in any office or employment in the classified service the commission was to certify to the appointing officer *11 the name of the candidate standing highest upon the register for the class or grade to which the position belonged and the appointing officer was required to fill the place by the appointment of the person so •certified. The code provision is substantially the same, it is that the names of the three candidates •standing highest upon the register are to be certified and the mayor is required to fill the place by appointment of one of the three. The only ground for the •contention that the appointment must be made from the persons already in office is the provision in section 158, that immediately upon the classification of such department, such board shall furnish to . the mayor a list of all offices, employment and places in any way connected with such department within said classified service, with the names of the incumbents, their •compensation and the nature of their duties, and the provision in section 149, that the chief of police shall be appointed from the classified list of such department. This provision does not support the contention. The provision of section 158 is not that the names of the incumbents shall comprise a classified list, but that the board shall furnish the mayor a list of the offices and employments within the classified service, and then in order that the persons in office or •employment in these departments at the time the new code went into effect may not be disturbed, it is further provided that the board shall accompany the list with the names of the incumbents; and the reason for the provision in section 149, that the chief •of police shall be appointed from the classified list •of such department, is that there may not be any doubt of the legislative intent that that office also «hall be under the merit system, and that appointees *12 thereto, other than those in office at the time the code takes effect, shall be required to be selected by examination. That section provides that the police department shall be composed of a chief of police and such other officers as may be provided by ordinance of council, and it well might be contended that it was not necessary for council to provide by ordinance for. the office of chief of police, that such office was provided for by the statute itself, and that, therefore, that office would not necessarily come under the merit system. It is evident that the classified list referred to in section 149 is the register provided for by section 164. This conclusion finds support also in the wording of sections 148 and 150. Those sections provide that in case of riot, or other like emergency, the mayor shall have power to appoint, for temporary service, in the police and fire departments, respectively, additional patrolmen and firemen, who need not be in the classified list of such department. The. classified list evidently being the registry of those who had taken the examination, for it would be' absurd to provide that in an emergency the mayor should not be restricted in his appointments to those already in service.

The petition is dismissed.

Spear, C. J., Davis, Shapck, Price and Crew, Jj., concur.